IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM SLONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| KRD TRUCKING, INC. and | ) |
| KENNETH G. ANDRESON, | ) **JURY TRIAL DEMANDED** |
| individually, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiff William Slone (hereinafter, "Slone" or "Plaintiff"), by and through his undersigned counsel of record, and hereby files this Complaint against Defendant KRD Trucking, Inc. and Kenneth G. Andresen, (hereinafter, "Defendants").

### JURISDICTION AND VENUE

1.

Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* (hereinafter, "FLSA"), to recover unpaid, federally mandated overtime wages owed to Plaintiff, liquidated damages in an amount equal to unpaid overtime wages, and reasonable attorneys' fees and costs.

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. § 1331, as this court has federal question jurisdiction over this Complaint for unpaid overtime wages pursuant to the FLSA.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to this Complaint occurred within the Northern District of Georgia.

## **PARTIES**

4.

Plaintiff is a citizen of the United States of America, a resident of Cobb County, Georgia, and is subject to the jurisdiction of this Court.

5.

Plaintiff was an "employee" of Defendants, as defined under 29 U.S.C. § 203(e) and, in any work week, was engaged in commerce within the definitions of 29 U.S.C. §§ 206(a) and 207(a).

6.

During his employment with Defendants, Plaintiff performed non-exempt work in excess of forty (40) hours per work week and was not paid an overtime wage differential, as required by 29 U.S.C. § 207.

7.

Defendant KRD Trucking, Inc. is a waste-hauling company with a fleet of 350+ trucks and operations in fifteen states, including Georgia. Defendant Corporation is a qualified and licensed organization in Illinois.

8.

Defendants are "employers" within the definition of 29 U.S.C. § 203(d) and Defendants are governed by and subject to 29 U.S.C. §§ 204, 207 and 215.

9.

Defendant KRD Trucking, Inc. may be served with summons and a copy of the Complaint in this action by delivering process to its counsel of record, David J. Carr at the offices of Ice Miller, LLP, One American Square, Suite 2900, Indianapolis, IN 46282-0200.

10.

Defendant Kenneth G. Andresen is the President of KRD Trucking, Inc. At all times relevant to this action, Defendant Andresen had authority to create and

alter the policies of Defendant KRD Trucking, Inc. and to hire and fire any employees of KRD Trucking, Inc.

11.

Defendant Andresen is an employer as defined by 29 U.S.C § 203(d).

12.

Defendant Andresen may be served with summons and a copy of the Complaint in this action by delivering process to his place of business, 20340 Stoney Island Avenue, Lynwood, IL  60411.

## FACTUAL ALLEGATIONS

13.

Plaintiff began working for Defendant on May 6, 2013 and occupied this position until his termination on August 7, 2013.

14.

Slone was employed as a diesel mechanic, with the responsibility of helping to maintain Defendant's fleet of 350+ trucks.

15.

As a diesel mechanic, Plaintiff was paid at a rate of $14.00 an hour.

16.

Slone was also required to purchase tools for which he was promised reimbursement by KRD Trucking. In fact, Slone's immediate supervisor informed him that "if he didn't get the tools, we will fire your ass."

17.

Plaintiff's set weekly schedule during employment was Monday through Friday, 2:00 pm until 10:00 pm.

18.

During Plaintiff's employment, Plaintiff was frequently asked by management to come in earlier or stay later than his scheduled hours. Plaintiff also began working on Saturdays.

19.

On average, Plaintiff worked between 43 and 51 hours a week.

20.

Even though Plaintiff routinely worked over forty (40) hours per week during the course of his employment at the request of the Defendant, Plaintiff was not paid the overtime wage differential as required by 29 U.S.C. § 207 on those occasions.

21.

Eventually, Plaintiff inquired about Defendant's failure to properly compensate him. Plaintiff was told that he would be paid for all hours worked.

22.

Defendants did not instruct Slone to stop working overtime.

23.

Defendants did not instruct Slone that overtime had to be approved.

24.

While employed by the Defendant, time cards for each employee were stored by the Defendant in a room that was always unlocked and accessible to all employees.

25.

A check of his time cards revealed changes made to virtually all the cards by management.  These changes included intentional "scribbling out" of Plaintiff's correct totals for the day, with new totals that reflected lunch breaks Plaintiff had not taken.

26.

Plaintiff's daily totals are corroborated by the time stamps included on the cards.

27.

After Plaintiff inquired about proper compensation, the previously accessible storage room containing the time cards was promptly locked.

28.

When it was finally unlocked, while other employee's time cards from over a year ago were present, Plaintiff's time cards from the last few months were missing.

29.

Defendant, in fact, never properly compensated Slone and only a few weeks after his inquiry, Plaintiff was terminated.

30.

Defendant also failed to reimburse Slone as promised for the tools he was required to purchase as a condition of continued employment, a total amount of $7,000.00.

31.

Defendant's actions were knowing and willful.

## COUNT I
## WILLFUL FAILURE AND REFUSAL TO PAY OVERTIME IN VIOLATION OF THE FLSA

32.

Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

33.

During the period from May 6, 2013 until August 7, 2013, Defendants willfully employed Plaintiff in the aforesaid enterprise for work weeks longer than forty (40) hours and failed to compensate him for hours worked in excess of forty (40) hours per week.

34.

The FLSA requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over 40 hours per week.

35.

Defendants actions, policies and/or practices described above violated the FLSA's overtime requirements by regularly and repeatedly failing to compensate Plaintiffs for time spent on work activities as described in the Complaint.

36.

As a result of Defendant's FLSA violations, Plaintiff has suffered damages by being denied overtime wages in accordance with FLSA § 206 and § 207.

37.

Pursuant to 29 U.S.C. § 216, Plaintiff brings this lawsuit to recover the overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other damages to which Plaintiff is entitled under law.

## COUNT II
## VIOLATION OF THE ANTI-RETALIATION PROVISIONS OF THE FAIR LABOR STANDARDS ACT

38.

Plaintiff incorporates by reference all preceding paragraphs of the Complaint.

39.

Defendants have violated 29 U.S.C. § 215(a)(3) by retaliating against Plaintiff for asserting his rights under the FLSA.

40.

Plaintiff complained to management about its consistent failure to pay all overtime wage differential for hours worked over forty (40) per week.

41.

Shortly thereafter, and in an effort to prevent the Plaintiff from obtaining more evidence of Defendant's failure to properly compensate him, Defendants locked the room containing the time cards and removed Plaintiffs cards.

42.

Moreover, only weeks after his inquiry, Defendants terminated Plaintiff in retaliation for lodging a complaint about overtime.

43.

In retaliating against Plaintiff for asserting his rights under the FLSA, Defendant has caused Plaintiff pecuniary losses including, but not limited to, lost wages as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(a) Grant Plaintiff a trial by jury as to all Counts in the Complaint

(b) Enter judgment awarding Plaintiff unpaid wages pursuant to 29 U.S.C. §§ 206(d) and 207, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. § 216, court costs and reasonable attorneys' fees as provided under 29 U.S.C. § 216,

and all other remedies allowed under the FLSA, including but not limited to punitive damages, should they be permitted;

(c) Enter judgment awarding Plaintiff lost wages, an equal amount as liquidated damages, compensatory damages, reimbursement of monies paid for mandatory equipment purchase, attorneys' fees, costs and all other remedies allowed under FLSA for Defendants' retaliation against Plaintiff for asserting his rights under the FLSA, including punitive damages, should they be permitted;

(d) Grant declaratory relief to the effect that Defendants have violated Plaintiff's statutory rights; and

(e) Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted this 5th day of December, 2013.

**MOLDEN & HOLLEY, LLC**

*/s/ Diona M. Potter*_____
*Regina S. Molden*
Georgia Bar No. 515454
*Diona M. Potter*
Georgia Bar No. 230108
Peachtree Center – Harris Tower
233 Peachtree Street, N.E.
Suite 1245
Atlanta, Georgia 30303

Telephone: (404) 324-4500
Facsimile: (404) 324-4501
Email: rmolden@moldenholley.com
         dpotter@moldenholley.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel hereby certifies that this Complaint complies with the type-volume limitations set forth in Rule 5.1 of the Local Rules of the Northern District of Georgia. Counsel hereby states that this Complaint has been typed in Times New Roman 14 point.

                                                                 */s/ Diona M. Potter*_____
                                                                 Diona M. Potter
                                                                 Georgia Bar No. 230108

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| WILLIAM SLONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| v. | ) |
| | ) |
| KRD TRUCKING, INC. and | ) |
| KENNETH G. ANDRESON, | ) **JURY TRIAL DEMANDED** |
| individually, | ) |
| | ) |
| Defendants. | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the

COMPLAINT upon all parties of record by placing same in the United States mail,

postage prepaid, and properly addressed as follows:

David J. Carr
Ice Miller, LLP
One American Square
Suite 2900
Indianapolis, IN  46282-0200

This 5th day of December, 2013.

/s/ *Diona M. Potter*
Diona M. Potter
Georgia Bar No. 230108

14